### CLOTILDA GRIECO *vs.* LOUIS V. JACKVONY.

#### APRIL 23, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

·(1)  *Tender.  Receipt.*

Where a debtor makes a tender of what he claims is due, the creditor cannot render such tender nugatory by tendering a receipt from which an inference could be drawn that debtor had not paid the amount due in full.

·(2)  *Courts of Record.  Correction of Errors.*

In a trial in the Superior Court on claim of jury trial after decision in a district court the court properly granted a motion permitting the clerk of the district court to amend a clerical error in its record.

·(3)  *Courts of Record.  Correction of Errors.*

A court of record has power to correct errors in its records.

(4)  *Trespass and Ejectment.  Bonds.*

By going to trial on the merits of the case, without objection a plaintiff must be deemed to have waived all objections to the bond given on claim of jury trial in an action of trespass and ejectment

*Semble:* As under Gen. Laws, 1909, cap. 280, §§ 16 and 17, the clerk of the district court of the Sixth Judicial District has power under certain conditions to act as justice, nothing appearing to the contrary it is to be presumed that he acted with authority in the performance of a judicial act.

TRESPASS AND EJECTMENT. Heard on exceptions of plaintiff and overruled.

RATHBUN, J.   This is an action of trespass and ejectment. After decision for the plaintiff in the District Court of the Sixth Judicial District the defendant claimed a jury trial and obtained a verdict in the Superior Court.   After verdict the plaintiff moved in arrest of judgment and her motion was denied and, on motion of the defendant, the Superior Court permitted the clerk of the district court to amend the district court record.   The case is before this court on the plaintiff's exceptions.

The first exception is to the refusal of the trial court to direct a verdict for the plaintiff.   One of the issues in the case was whether the defendant was a tenant of the plaintiff and had possession of the premises in question.   The defendant pleaded that he was at no time the tenant of the plaintiff and that at no time did he occupy or have possession of said premises; "that the real tenant was A. H. Jackvony, and that the said A. H. Jackvony is now in possession of and duly occupies the said premises as set out in the plaintiff's writ; and that the said defendant Louis V. Jackvony is acting as the duly authorized agent of the said A. H. Jackvony, all of which facts were well known to the said plaintiff."   The testimony was conflicting on the question whether the defendant or his brother, A. H. Jackvony, was the plaintiff's tenant and the court properly refused to usurp the rights of the jury by deciding the question.

The plaintiff contends that she is entitled to recover possession of said premises on the ground that the defendant at the date of the writ had "suffered the stipulated rent for the same to be and remain due and in arrears for the period of fifteen days."   The defendant testified that on the 4th day of August, 1919, he tendered the plaintiff thirty dollars, the rent due for the month of August, 1919, and demanded a receipt; that the plaintiff refused to give him a receipt other than a receipt on account, stating in substance that the monthly rent was fifty dollars and that a balance of twenty dollars on the rent for the month of August, 1919, remained due and unpaid.   Plaintiff denied all the testimony

relative to a tender. Sec. 8, Chap. 288, G. L. 1909, is as follows: "Sec. 8. The requirement or demand of a receipt for such amount of lawful money as may be offered or tendered shall not prevent such offer or tender from being regarded or held to be a legal tender." The plaintiff could not make the tender of rent nugatory by tendering a receipt from which an inference could be drawn that defendant had not paid his rent in full when in fact the amount tendered, if the defendant's testimony is true, was all that the plaintiff could legally demand. Whether defendant tendered the rent which the plaintiff complains was more than fifteen days overdue was an issue to be determined by a jury and was not a question of law for the court.

On August 5, 1919, plaintiff gave the defendant notice in writing that he was required to vacate said premises on September 1, 1919. The defendant offered considerable testimony to the effect that in the latter part of June, 1919, by an agreement between the parties the tenancy was changed from a letting from month to month to a letting for a period of three months, to terminate October 1, 1919; and that defendant agreed that the premises would be vacated on the latter date. The plaintiff admits that she told the defendant that he might hold the premises for a period of three months but she contends that the agreement was entered into in the first part of June, 1919, and that it was agreed that the tenancy would terminate September 1, 1919. From all of the testimony upon this issue a jury would be warranted in finding that the plaintiff let the premises for a definite term ending October 1, 1919. If she let the premises for a definite term she could not shorten that term by giving notice to quit. The motion to direct a verdict for the plaintiff was properly denied.

(2) After verdict the plaintiff moved in arrest of judgment, alleging that the Superior Court never obtained jurisdiction of the cause for the reason that, as she contends, the defendant did not within six hours after decision by the district court for the plaintiff for possession and costs claim a jury

trial and pay all costs and file with the clerk of the district court a bond with one or more sureties satisfactory to said court to pay the plaintiff "all rents or other moneys due or which may become due pending the action under the tenancy and such damages and costs as may be awarded against him," in accordance with Sections 7 and 9 of General Laws, Chapter 286, and for the reasons that the bond filed bore no seal and that said bond was approved by the clerk of said district court and not by the justice thereof. From the certificate of the clerk of the district court, on the back of the writ, certifying the case to the Superior Court it appears that the docket entry of said district court shows that within six hours after decision the defendant claimed a jury trial, paid the costs and filed a bond. From the record it appears that a jury trial in writing was claimed and the other steps to perfect a jury trial claim were taken October 8, 1919. On the face of the writ appeared an entry as follows: "Oct. 6, 1919 Decision for the plaintiff for possession and costs. Nathan M. Wright Clerk." The preceding entry shows that on October 6, 1919, the case was continued for trial to October 8th. It was apparent to the Presiding Justice that the plaintiff obtained decision in the district court on October 8th and that the entry of "Oct 6" as the date of the decision was a clerical error. The Presiding Justice denied the plaintiff's motion in arrest of judgment and on motion of the defendant the clerk of said district court was permitted to amend the entry on the writ by changing "Oct 6" to "Oct. 8" and said clerk made a notation on the writ as follows: "District Court of the Sixth Judicial District, November 26, 1919. The note and entry of decision upon the face of the writ as of Oct. 6, 1919 was made by inadvertence and mistake and is this day amended and changed to Oct. 8, 1919, to conform to the truth and fact and also to conform with the record of this suit in this court. Nathan M. Wright Clerk." The plaintiff's exception taken to the action of the Presiding Justice permitting the clerk of the district court to amend the record is without merit. It was

proper for the district court to amend the clerical error in (3) its record.   A court of record has power to correct errors in its records.   34 Cyc. 591.

The plaintiff contends that defendant failed to file a proper bond because the bond purports to have been approved by the clerk of said district court and not by the court as required by statute and points out that the bond bears no seal.   Sections 16 and 17 of General Laws, Chapter 280, confer upon the clerk of the District Court of the Sixth Judicial District the power to act as justice and to hear and determine causes under certain conditions specified in said sections.   Nothing appearing to the contrary it is to be (4) presumed that the clerk acted with authority in performing the judicial act of approving the bond but, for the consideration of this case, it is immaterial whether said clerk had power to approve the bond or whether a seal was affixed to the bond for it is now too late for the plaintiff to object to the sufficiency of the bond.   The object of the bond is to indemnify the plaintiff.   The plaintiff may waive any irregularity in the bond as it is given for his benefit.   By going to trial on the merits of the case without objection and subjecting the defendant to unnecessary expense, the plaintiff must be deemed to have waived all objections to the bond.   *Kimball* v. *Tasca*, 26 R. I. p. 565; *Potter* v. *Smith*, 7 R. I. 55; *Grove* v. *Gardiner*, 30 R. I. p. 477; *Clarke* v. *Mayor and Aldermen of City of Newport*, 5 R. I. p. 333; *State* v. *McCarthy*, 4 R. I. 82.   The plaintiff's motion in arrest of judgment was properly denied.

All of the plaintiff's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Charles R. Easton*, for plaintiff.

*Antonio A. Capotosto*, for defendant.